UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br>v.<br><br>ROBERT LEON McBRIDE,<br><br>Defendant(s). | CASE NO. CR21-0199-KKE<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

Defendant Robert Leon McBride pleaded guilty to possession of child pornography and was sentenced to a 120-month period of incarceration, followed by a 20-year period of supervised release. Dkt. No. 2-2. Mr. McBride's period of supervision began in April 2020, and he now requests early termination. Dkt. No. 2-2 at 3, Dkt. No. 7. Mr. McBride argues that he has already experienced the full benefit of supervision, such that continuing his supervision term is no longer necessary. Dkt. No. 7.

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a defendant's term of supervised release after one year of supervision "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." To determine whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, the sentencing range and type established by the

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 1

Sentencing Commission, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e)(1) (citing factors listed in 18 U.S.C. § 3553(a)).

Section 3583(e)(1) does not require a defendant to demonstrate "undue hardship" or "exceptionally good behavior." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). Instead, the Court keeps in mind two principles in considering whether termination is warranted. First, supervised release after incarceration is meant to "improve the odds of a successful transition from the prison to liberty." *Johnson v. United States*, 529 U.S. 694, 708–09 (2000). Second, supervised release should "fulfill[] rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59, 60 (2000).

Mr. McBride acknowledges that he violated the terms of his release in 2022, 2023, and 2024, but argues that since then he has complied and thrived on supervision. Dkt. No. 7 at 2–3. He also complains that the computer monitoring fee required by his supervision has become a hindrance. *Id*. at 3.

Both Probation and the Government oppose Mr. McBride's motion, and Mr. McBride did not file a reply brief addressing their concerns. Dkt. Nos. 9, 10. Specifically, Probation notes that Mr. McBride completed sex offender treatment only four months ago. Dkt. No. 9 at 2. Mr. McBride's Probation officer opined that he would "benefit from at least a few more years on supervised release so he can demonstrate the ability to self-manage without treatment and engage in appropriate prosocial activities." *Id*.

The Court agrees, finding that several factors weigh against early termination, including the seriousness of Mr. McBride's offense and the need to continue supporting Mr. McBride in his transition to liberty. The Court joins Probation and the Government in commending Mr. McBride for his successful completion of treatment, and echoes the Government's hope that this positive trajectory will continue. *See* Dkt. No. 10 at 1. Nonetheless, the Court finds that in light of Mr.

McBride's offense and conduct, the interests of justice do not warrant early termination of supervised release at this time.  Mr. McBride's motion (Dkt. No. 7) is thus DENIED.

Dated this 28th day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 3